# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1792-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHANIEL N. HENRY,
a/k/a SHANIEA HENRY
and SHANIL N. HENRY,

    Defendant-Appellant.

_____

> Submitted May 10, 2022 – Decided August 17, 2022
>
> Before Judges Currier and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 18-03-0303.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).
>
> Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Leandra L. Cilindrello, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shaniel N. Henry, a non-citizen, pled guilty to one count of fourth-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(3). He was sentenced to one year of probation conditioned upon 364 days in the county jail. Defendant filed an application for post-conviction relief (PCR). The trial judge who took defendant's plea heard the PCR motion and denied it without an evidentiary hearing. On appeal, defendant argues that his trial counsel violated his Sixth Amendment right to counsel by failing to adequately inform him of potential adverse immigration consequences as a result of his guilty plea. We affirm.

Defendant's car and home were searched by police officers. Defendant, his wife, and brother all signed consent forms to permit the searches to take place. The police recovered one plastic bag containing twenty-three bags of marijuana, $200 in mixed U.S. currency, one prescription bottle, and documents addressed to defendant. Defendant was arrested and charged with: (1) fourth-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(3); (2) fourth-degree distribution of a controlled dangerous substance, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(12); (3) third-degree distribution of a controlled dangerous substance within 1,000 feet of school property, N.J.S.A. 2C:35-5(a); (4) third-degree possession of a controlled dangerous substance

A-1792-20

with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(11); and (5) third-degree possession of a controlled dangerous substance with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-7.1.

Defendant entered into a plea bargain before Judge Sohail Mohammed, pleading guilty to fourth-degree possession of marijuana. The judge sentenced defendant to probation, conditioned upon 364 days in the county jail, and the State agreed to dismiss all other counts of the indictment.

Defendant moved for PCR, raising multiple ineffective assistance of counsel claims, including: failure to properly advise defendant about the potential consequences to his immigration status of a guilty plea; failure to properly advise defendant regarding his potential defenses to the multiple drug charges; and failure to mount a challenge to the warrantless search of defendant's vehicle and home. Defendant also argued that his plea was not knowing and voluntary. Judge Mohammed, in a comprehensive and cogent twenty-eight-page opinion, rejected defendant's PCR claims without a hearing.

Defendant raises the following issue on appeal:

> IN MISINFORMING DEFENDANT OF THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA, COUNSEL WAS INEFFECTIVE AND DENIED DEFENDANT HIS RIGHT TO COUNSEL AND DUE PROCESS.

A-1792-20

We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing.  State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v Harris, 181 N.J. 391, 421 (2004)).  When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).

We analyze ineffective assistance of counsel claims using the two-prong test established by the Supreme Court in Strickland[1].  See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987).  The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient.  Preciose, 129 N.J. at 463.  "The second, and far more difficult, prong of the Strickland . . . test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Strickland, 466 U.S. at 689.  Further, because prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the

---

[1]  Strickland v. Washington, 466 U.S. 668 (1984).

A-1792-20

reliability of the proceeding. State v. Drisco, 355 N.J. Super. 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Defendant contends that he was "misinformed" about the possible consequences to his immigration status by trial counsel, and that this ineffective assistance of counsel violated his Sixth Amendment right to counsel and due process. We are not persuaded and find no merit in defendant's argument.

Judge Mohammed presided over the plea hearing. Trial counsel examined defendant's understanding of how a guilty plea might affect his immigration status, and defendant confirmed that he consulted with separate immigration counsel before accepting the plea deal. The following exchange between defendant and his counsel took place:

> [COUNSEL]: Mr. Henry, just as to the immigration matter, I advised you that you do have your own immigration attorney, Mr. O'Neill, correct?
>
> [DEFENDANT]: Yes, Your Honor.[2]
>
> [COUNSEL]: I believe he's out of Morris County, right?
>
> [DEFENDANT]: Yes.

---

[2] The record shows that defendant had just completed a colloquy with Judge Mohammed, and the question above was the first question from his counsel after answering a series of questions from the judge. All indications are that defendant intended to address his attorney in answering the first question.

A-1792-20

[COUNSEL]:  And I did speak with him prior to accepting this plea offer and I advised you of that.

[DEFENDANT]:  Yes.

[COUNSEL]:  And actually[,] this plea offer was part of a negotiation that we had with Mr. O'Neill and the prosecutor[,] and you are comfortable moving forward understanding that, of course, you are in an immigration proceeding, any offense can contribute to your deportation[,] but this was negotiated with protecting your interest and mine.  You understand that, correct?

[DEFENDANT]:  Yes.

[COUNSEL]:  And so you do definitely want to plead guilty understanding that, of course, anything can happen in immigration court.  You could be deported but this charge -- the advice was [that] this charge, it would be unlikely this charge would be the thing that would deport you.  Do you understand that?

[DEFENDANT]:  Yes.

[COUNSEL]:  And I explained that to you, right?

[DEFENDANT]:  Yes.

Defendant also engaged in a plea colloquy with the judge, demonstrating his independent understanding of the potential immigration consequences for the court.

[COURT]: Okay.  You understand what's going on today, correct?

6

A-1792-20

[DEFENDANT]:  Yes, Your Honor.

[COURT]:  And it's my understanding - and did you have sufficient time to think about this, sir?

[DEFENDANT]:  Yes, Your Honor.

[COURT]:  And this is something that you want to do, correct?

[DEFENDANT]:  Yes, Your Honor.

[Court]:  And did you have reasonable time to speak with counsel with regard to this matter[,] and also it's my understanding[,] with regard to the immigration issues, correct?

[DEFENDANT]:  Yes, Your Honor.

[COURT]:  And with regard to both Ms. Young and the advice that you have received as to the immigration from the immigration counsel, are you satisfied with the services of both counsel?

[DEFENDANT]:  Yes, Your Honor.

[COURT]:  And you understand the consequences from an immigration proceeding, correct?

[DEFENDANT]:  Yes, Your Honor.

[COURT]:  Now, did anybody force you, coerce you, or make any promises to you other than what has been said in court?

[DEFENDANT]:  No, Your Honor.

A-1792-20

The record shows quite clearly that defendant failed to meet his burden on either prong one or two of <u>Strickland</u>. He made no showing to overcome the "strong presumption" of adequate assistance by trial counsel, as she reviewed steps they took together to ensure defendant understood the risks to his immigration status. <u>Strickland</u>, 466 U.S. at 689. Even if he could have met the first prong of <u>Strickland</u>, there was no showing of any nexus between alleged errors by counsel and harm to the reliability of the proceeding. Defendant's colloquy with his counsel and the judge demonstrated he understood the risks and wished to proceed with the guilty plea. Judge Mohammed was correct in denying the PCR without a hearing as defendant did not make the necessary showing. We find no error.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION